FEDERATED METALS CORP. v.
CHAMBERS

(November 3, 1931. Opinion and Decree.)

Merrick, Schwarz, Guste, Barnett & Redmann, of New Orleans, attorneys for plaintiff, appellant.

Lazarus, Weil & Lazarus, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. This is a suit to recover damages alleged to have resulted from the breach of a contract. The petition alleges that on or about December 10, 1924, a written contract was entered into between the plaintiff and defendant, whereby defendant agreed to sell and plaintiff agreed to buy a carload of dry battery plates, to be delivered at Chicago at $121 per ton, all as evidenced by a series of telegrams which are annexed to and made part of the petition; that on December 13, 1924, defendant refused to carry out the contract; that as a result of defendant's refusal plaintiff suffered damages in the sum of $291, "the difference between the contract price and a higher market value at Chicago, Illinois, at the time of the breach."

Defendant filed exceptions of vagueness and no right or cause of action and, reserving the benefit of them and only in compliance with the rules of the court requiring the answer to be filed at the same time as the exceptions, answered denying that he had entered into a contract with the plaintiff.

There was judgment dismissing the suit and plaintiff has appealed.

The sole issue before the court is whether or not Ben Holz, the sender of the telegrams, was acting as the authorized agent of the defendant and whether defendant is estopped to deny authorization.

The evidence introduced by the plaintiff consisted of the testimony taken by deposition of its assistant general manager, who stated that the respective telegrams were exchanged between the plaintiff company and the defendant and identified them together with a letter which he had written on December 10, 1924, confirming the contract evidenced by the telegrams, and also a letter received from the defendant on December 13, 1924.

The evidence of the defendant consisted of the testimony of Ben Holz and his own to the effect that the Crescent Battery Manufacturing Company, of which defendant was a stockholder, was liquidated and defendant purchased the assets of the company on November 25, 1924; that he conducted a battery business under the trade

name of the Crescent Battery & Light Company, as successor to the Crescent Battery Manufacturing Company; that Ben Holz was an itinerant junk dealer who came to the defendant's place of business on or about December 9, 1924, and, seeing a lot of old batteries, asked the defendant if he would be interested in selling it as junk; that the defendant replied in the affirmative and requested Holz to see what prices or offers he could obtain; that Holz then sent a telegram to the plaintiff on December 9, 1924, requesting a price on clean dry battery lead plates; that the plaintiff quoted a price of $121 per ton, which offer Holz, in a telegram the same day, accepted; that on December 10, 1924, the plaintiff company wrote a letter confirming the contract; that the defendant was out of the city when the exchange of telegrams took place and did not know of their existence until his return to the city; that he did not direct, empower, or authorize Holz to sell the battery plates, but simply to get prices on them; that Holz was not employed by defendant and had no previous business relations with him; that on December 13, 1924, after having been apprised of what Holz had done, defendant reprimanded him and sent a letter to the plaintiff repudiating the agreement.

On cross-examination, counsel for plaintiff elicited from Holz that he sent the telegrams and received the replies thereto at the defendant's place of business, and that Holz used the company's name because he could more readily make a draft. The defendant acknowledged writing the following letter:

"December 13, 1924.
"Federated Metals Corporation,
 St. Louis, Mo.
"Gentlemen:
"Your letter of the 9th inst., answering wire of the Crescent Battery Mfg. Co., received. I was out of the City at the time telegram was sent. On my return I find the sender of the telegram was mistaken in thinking he had a carload of lead. I regret very much the trouble it caused you, and if you will send me bill for cost of the telegrams I will be glad to reimburse you.

"Yours truly,
CRESCENT BATTERY & LIGHT COMPANY
(Signed)    O. L. Chambers, Proprietor."

Counsel for plaintiff now argues that, since defendant authorized Holz to see what price he could obtain for the battery plates and the telegrams were sent and received at defendant's office and defendant did not state in his letter of December 13th that Holz was unauthorized, these circumstances show that Holz was authorized, and, if not properly authorized, that defendant was estopped to deny authorization, because he did not promptly repudiate the contract.

The question involved is primarily one of fact, dependent upon the credibility and veracity of defendant and his witness. As the defendant and Holz both testified before the learned trial judge, who apparently believed them, we do not think the fact that the telegrams were sent and received at defendant's office and the defendant's failure, in his letter of December 13th, to expressly state that Holz was not authorized, is sufficient for us to say that the judge a quo was manifestly in error in giving weight and credence to their testimony. We feel that the defendant, upon learning what Holz had done, as promptly as possible repudiated the contract.

For the reasons assigned the judgment is affirmed.